**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | | |
|---|---|---|
| MARY ANN ANTHONY, Individually and As Representative of the Estate of LEROY ANTHONY, and BRENDETTA ANTHONY SCOTT § § § § § VS. § § GENIE INDUSTRIES, INC. d/b/a TEREX AERIAL WORK PLATFORMS and TEREX CORPORATION § § § | | CIVIL ACTION NO. 4:18CV235  JURY REQUESTED |

**PLAINTIFFS' MOTION FOR DISMISSAL WITHOUT PREJUDICE
FOR LACK OF JURISDICTION**

COME NOW, Plaintiffs in the above case, Mary Ann Anthony, Individually and as Representative of the Estate of Leroy Anthony, and Brendetta Anthony Scott, by and through the undersigned counsel, and file this for Motion for Dismissal Without Prejudice for Lack of Jurisdiction. In support, Plaintiffs show the Court the following:

1. Plaintiffs are Mary Ann Anthony, Individually and as Representative of the Estate of Leroy Anthony, and Brendetta Anthony Scott. Mrs. Mary Ann Anthony is the widow of Leroy Anthony. Mrs. Brendetta Anthony Scott is Mr. Anthony's surviving adult daughter.

2. The current Defendants are Genie Industries, Inc. d/b/a Terex Aerial Work Platforms, and Terex Corporation ("Defendants").

3. Defendant Terex acquired Defendant Genie Industries, Inc. in 2002. Defendant Genie is the manufacturer of Genie® TZ™ 34/20 Trailer Mounted Boom Lifts. This cause of action involves a mechanical failure of a Genie® TZ™ 34/20 Trailer Mounted Boom Lift ("Boom Lift"). Defendants are the parties responsible for designing, manufacturing, testing, and initial distribution of the boom lift. They are also responsible for providing adequate warnings and instructions for the boom lift.

4. On or about January 2, 2018, Leroy Anthony was operating the subject Genie boom lift at the Leflore County Civic Center in Greenwood, Mississippi. The boom lift suddenly collapsed from a near fully extended position causing Mr. Anthony to fall down with the basket. Mr. Anthony did not survive his injuries from the violent and unexpected failure of the boom lift while in operation.

5. Prior to filing suit, the evidence pointed to a mechanical failure of the boom lift as the cause of this incident due to an unsafe design of the pin retaining system located at the lower mid-pivot assembly.[1] There was not a long-documented history of mechanical issues or necessary repairs associated with the boom lift. Before suit was filed, the only known repairs were reflected in a one-page invoice for repairs performed by Mid Delta Rental, LLC ("Mid Delta"). At face value, the invoice was for the replacement of one battery under warranty, and labor associated with the battery replacement and repair of "Genie Tow Behind Lift- Checked all charging circuits."[2]

6. On November 16, 2018, Plaintiffs filed this lawsuit in the United States District Court for the Northern District of Mississippi, Greenville Division against the Defendants for various claims, including products liability, strict liability, design defect, manufacturing defect, negligence, and failure to warn, for the wrongful death of Leroy Anthony.

7. Defendants Genie Industries, Inc. d/b/a Terex Aerial Work Platforms, and Terex Corporation filed an Answer on December 20, 2018.

8. The parties began conducting discovery and depositions. During fact witness depositions, Leflore County witnesses testified about the history of the subject boom lift, their

---

[1] Exhibits A-D to Plaintiffs' Amended Motion for Leave to Add Party, Mid Delta Rental, LLC (Dkt. Nos. 49-1 through 49-4).
[2] Exhibit F to Plaintiffs' Amended Motion for Leave to Add Party, Mid Delta Rental, LLC (Dkt. No. 49-6).

2

knowledge regarding the use of the boom lift, and whether any other third-party performed maintenance or repairs on the subject boom lift. Plaintiffs learned for the first time that Mid Delta actually performed additional repairs and/or maintenance sometime between July of 2017 and January 2, 2018 though the extent of repairs and maintenance is unknown. No party had any knowledge of these additional facts prior to these depositions.

9. Additional depositions taken of Defendants' fact witnesses in mid-July of 2019 confirmed that the Defendants' primary defenses are rooted in the maintenance and repair history of this boom lift. Defendants' witnesses contended Mr. Anthony was expected to contact a qualified technician to repair the machine if there were known issues with the boom lift.

10. On July 24, 2019, Plaintiffs filed their Motion for Leave to Add a New Defendant, Mid Delta Rental, LLC.[3]

11. On August 6, 2019, Plaintiffs filed their Amended Motion for Leave to Add New Party, Mid Delta Rental, LLC and their memorandum brief in support thereof.[4]

12. Plaintiffs have asked this Court to grant Plaintiffs' Amended Motion for Leave to Add Mid Delta Rental, LLC as a new defendant.[5] Although Plaintiffs only intended to seek the joinder of party due to recently discovered facts during the course of discovery and depositions, this cause of action must be dismissed as the addition of Mid Delta will destroy complete diversity between the parties and ultimately deprive this Court of subject matter jurisdiction over this case.

13. This court has not yet granted the Plaintiffs' Amended Motion for Leave to Add Mid Delta as a new defendant, but the effect of granting that motion will destroy diversity of the

---

[3] Plaintiffs' Motion for Leave to Add Party, Mid Delta Rental, LLC (Dkt. No. 36) and Plaintiffs' Amended Motion for Leave to Add Party, Mid Delta Rental, LLC (Dkt. No. 49).
[4] Plaintiffs' Amended Motion for Leave to Add Party, Mid Delta Rental, LLC (Dkt. No. 49); Plaintiffs Memorandum Brief in Support of Plaintiffs' Amended Motion for Leave to Add New Party, Mid Delta Rental, LLC (Dkt. No. 50).
[5] Plaintiffs hereby adopt and incorporate by reference Dockets #36, 49, and 50, and all legal arguments, exhibits and references attached thereto.

3

parties because Mid Delta is a required party, and will require dismissal of this action so that it may be re-filed in Mississippi state court.

14. Remand is not an option in this case as Plaintiffs first filed in this federal court before they learned about Mid Delta's extended role and potential liability. There is no state court to which this cause of action can be remanded. Dismissal is the proper remedy.

15. Plaintiffs seek to immediately re-file this case in Mississippi state court to include Plaintiffs' claims against the non-diverse required party, Mid Delta, along with their claims against the current Defendants.[6]

WHEREFORE, Plaintiffs move this Court for an order dismissing this suit without prejudice and on such terms and conditions as the Court deems proper based on Plaintiffs' amended motion for leave to add a non-diverse party; and that the Court grant Plaintiffs any other relief, at law or in equity, to which Plaintiffs may be justly entitled.

[Signature on next page]

---

[6] Plaintiffs hereby adopt and incorporate by reference Plaintiffs' Memorandum Brief in Support of Plaintiffs' Motion for Dismissal for Lack of Jurisdiction, as well as any and all arguments, legal authorities, and exhibits attached thereto.

4

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Lena Laurenzo*
_____

Benny Agosto Jr.
Federal Bar No. 20821
Lena B. Laurenzo
Federal Bar No. 3280801
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 - Telephone
(713) 225-0827 – Fax
bagosto@awtxlaw.com
laurenzo@awtxlaw.com

*/s/ Edward Blackmon, Jr.*
_____

Edward Blackmon, Jr.
MS Bar No. 3354
Blackmon & Blackmon, PLLC
907 West Peace Street
Canton, MS 39046
Telephone: (601) 859-1567
Facsimile: (601) 859-2311
edblackmon@blackmonlawfirm.com

**Attorneys for Plaintiffs**

5

**CERTIFICATE OF CONFERENCE**

       I hereby certify that I conferred with counsel for Defendants on October 3, 2019 to determine if Defendants Genie and Terex were opposed or unopposed to this Motion for Dismissal without Prejudice for Lack of Jurisdiction. Defendants are opposed to this motion.

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the above and foregoing instrument has been served by electronic CM/ECF filing on this 3rd day of October, 2019, on all counsel of record.

| | |
|---|---|
| Paul V. Cassisa, Jr., Esq. | Edward Blackmon, Jr. |
| BUTLER SNOW LLP | MS Bar No. 3354 |
| 1200 Jefferson Avenue, Suite 205 | Blackmon & Blackmon, PLLC |
| P.O. Box 1138 | 907 West Peace Street |
| Oxford, MS 38655 | Canton, MS 39046 |
| Telephone: (662) 513-8000 | Telephone: (601) 859-1567 |
| paul.cassisa@butlersnow.com | Facsimile: (601) 859-2311 |
| | edblackmon@blackmonlawfirm.com |
| *Attorney for Genie Industries, Inc. and Terex Corporation* | *Attorney for Plaintiffs* |

      */s/ Lena Laurenzo*
      _____
      Lena B. Laurenzo