UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY ANN ANTHONY, Individually and As
Representative of the Estate of LEROY ANTHONY,
and BRENDETTA ANTHONY SCOTT                                          PLAINTIFFS


VS.                                         CIVIL ACTION NO. 4:18CV235-MPM-RP


GENIE INDUSTRIES, INC. d/b/a
TEREX AERIAL WORK PLATFORMS,
TEREX CORPORATION and MID-DELTA
RENTAL, LLC                                                           DEFENDANTS


**ORDER**

This cause comes before the court on the motion of plaintiffs, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss this case for lack of subject matter jurisdiction. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a products liability case arising out of the death of Leroy Anthony in a January 2, 2018 accident at the Leflore County Civic Center in Greenwood, Mississippi. This accident occurred when the Genie® TZTM 34/20 Trailer Mounted Boom Lift that Anthony was operating suddenly collapsed, thereby fatally injuring him. Plaintiffs have filed an opposed motion to dismiss this action, based on their filing of a motion to amend their complaint to add Mid Delta Rental, LLC ("Mid Delta") as a defendant in this case. Since the filing of the motion to dismiss, Judge Percy has granted the motion to amend, and, on October 30, 2019, plaintiffs filed an amended complaint naming Mid Delta as a party. The amended complaint plainly alleges that

1

plaintiff Mary Ann Anthony and Mid Delta are both domiciled in Mississippi, thus destroying the diversity of citizenship which serves as the jurisdictional basis for this case.[1]

As a result of the foregoing, the only basis upon which this court might deny plaintiffs' motion to dismiss would be in the event that it disagreed with Judge Percy's ruling on the motion to amend and determined that it should be reversed.[2] After reviewing Judge Percy's order, however, this court fully agrees with his analysis and conclusions and hereby adopts them as its own. Like Judge Percy, this court concludes that plaintiffs' desire to add Mid Delta as a party is based upon a genuine belief that this entity might face liability in this case. This court likewise agrees with Judge Percy that the fact that plaintiffs originally filed this action in federal court suggests that their actions are not motivated by a desire to avoid federal jurisdiction. In their brief, plaintiffs assert that they only learned of Mid Delta's potential liability during discovery in this case, writing that:

> During fact witness depositions taken in mid-June of 2019, Leflore County witnesses testified about the history of the subject trailer mounted aerial work platform ("boom lift"), their knowledge regarding the use of the boom lift, and whether any other third-party performed maintenance or repairs on the subject boom lift. Plaintiffs learned for the first time that Mid Delta actually performed additional repairs or maintenance sometime between July of 2017 and January 2, 2018. No party had any knowledge of this important fact prior to these depositions.

[Brief at 2-3].

---

[1] The amended complaint neglected to add Mid Delta as a defendant in the style of the case, which initially led the clerk's office to erroneously list this party as having been terminated. This court, through its staff, has confirmed with the parties that the amended complaint did, in fact, add Mid Delta as a party, and the clerk's office has corrected the erroneous docket entry.

[2] This court notes that the instant motion is essentially an uncontested one, given the current procedural posture of the case. Indeed, in their brief in response to the motion to dismiss, defendants write that "[t]he parties agree that the joinder of Mid Delta will deprive this Court of subject matter jurisdiction." [Defendants' brief at 3]. Mid-Delta has, in fact, been added as a defendant in this case, and this court concludes that Judge Percy ruled correctly in allowing it to be added.

In their amended complaint, plaintiffs make the following allegations of negligence against Mid Delta:

> 6.32 Defendant Mid Delta Rental committed acts of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused Mr. Anthony's injuries and damages.
> 6.33 Defendant's acts or omissions constituting negligence include,
> a. failing to properly repair the lift;
> b. failing to warn or inform regarding the extent of repairs performed on the lift;
> c. failing to adequately inspect and test the lift;
> d. failing to place the lift out of service or warn of any known danger/defect in the lift;
> e. failing to disclose safety information regarding the lift and/or the extent of repairs and maintenance performed by Defendant; and
> f. failing to disclose known issues, problems, or dangers associated with the lift before, during, and after repairs were made to the lift.
> 6.34 Defendant's failure properly maintain, repair, inspect, test, and deliver the subject lift free of known defects, damage, or dangerous conditions and/or Defendant's failure to communicate, disclose, or otherwise inform regarding the repairs and other necessary maintenance was/were a proximate cause of Mr. Anthony's death and Plaintiffs' damages

[Plaintiff's exhibit 1 at 9-10].

After reviewing the parties' submissions, this court's impression is that the development of the facts relating to Mid Delta is far from complete, but this is unsurprising considering that plaintiffs have been given no opportunity to conduct discovery with Mid Delta as a party. Plaintiffs appear to base their claims against Mid Delta primarily on the deposition testimony of Leflore County employees, in particular that of Andrew McQueen. In his deposition, McQueen testified that:

> Q: After these repairs in 2017, how did the machine operate?
> A: We did have a problem with it again after they said they replaced the battery. So they took it, and I think they ended up replacing another battery. But I'm not really sure.
> Q: So, was it a similar issue or problem that was happening again?
> A: Uh-huh.
> Q: Was that a "yes"?
> A: Yes.

Later in his deposition, McQueen testified that:

3

> Q: So, after it was sent back in because they continued having, as you understand it to be battery problems or the same problems as the first time it needed repairs, it was then repaired again
> A: Yes.
> Q: Was it by the same company?
> A: Yes.

[McQueen deposition at 27-28].

While somewhat equivocal, this court regards McQueen's deposition testimony as significant, since it asserts that Mid Delta performed *two* sets of repairs on the boom lift at issue in this case. This is a potentially crucial fact, since plaintiffs had previously been proceeding under the assumption that Mid Delta only performed *one* set of repairs. In their brief, defendants do not appear to contend otherwise, writing that:

> Plaintiffs have known since June, 2018 that Mid Delta changed a battery on this lift during July 2017. A Mid Delta invoice (Bates Numbered Leflore County 16) was produced to Plaintiffs' counsel on June 26, 2018 by attorney R. Jeff Allen (who represented Leflore County's worker's compensation carrier) - about six months before this lawsuit was filed.

[Defendant's brief at 2]. Defendants thus note that plaintiffs were already aware of one battery repair by Mid Delta, but plaintiffs do not dispute this fact. Once again, plaintiffs sought to join Mid Delta based on the possibility that it might have performed a second set of repairs, closer in time to the accident in this case. This court therefore regards defendants' arguments as tacitly conceding plaintiffs' contention that they had no reason to suspect that Mid Delta had performed a second set of repairs on the battery before the CMO deadline for adding parties had expired.

In their brief, defendants argue that any battery-related repairs by Mid Delta are irrelevant, since the lift at issue in this case failed when a bolt broke, and not due to any battery failure. [Defendants' brief at 4]. However, plaintiffs respond that, even if mere battery repairs were involved, Mid Delta would have had a duty to make inspections of the boom lift in the

4

process of transporting it and that such inspections might have revealed any defects in the condition of the lift. Specifically, plaintiffs write in their reply brief that:

> The reason why Mid Delta Rental, LLC ("Mid Delta") should be joined is because Mid Delta, before returning the boom lift to the Leflore County Civic Center, would have had to have performed the exact same pre-operation inspection and function tests Defendants argue Mr. Anthony didn't perform before using the boom lift on the day of the incident. At minimum, Mid Delta would have had to trailer mount the boom lift to transport it to and from the Leflore County Civic Center, and follow the boom lift manuals on inspecting it during that process.
>
> If Mid Delta had done these things, then, according to Defendants, Mid Delta should have discovered the broken rod end located right by the trailer mount along with two other bent rod ends, a missing footpad, and all other conditions Defendants argue should have resulted in the boom lift being tagged out of service until repaired. These were issues that should have been addressed by Mid Delta but were not.

[Reply brief at 1].

While it certainly seems possible that the discovery process will provide no support for plaintiffs' claims against Mid Delta, this court agrees with Judge Percy that plaintiffs' motion is based upon a good faith belief that it might, in fact, face liability in this case. Indeed, there are many claims asserted against defendants which may eventually prove to be meritless which were nevertheless based upon a good faith theory of liability. It is unclear to this court whether the claims against Mid Delta will eventually prove to be meritorious, but it concludes that plaintiffs have articulated a plausible theory of liability against this entity. This court therefore concludes that Judge Percy properly permitted plaintiffs to add Mid Delta as a party, and, in light of this addition, diversity jurisdiction is plainly lacking in this case.[3] Plaintiffs' motion to dismiss for lack of jurisdiction is therefore due to be granted.

---

[3] This court further agrees with Judge Percy's conclusion that the Fifth Circuit's decision in *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987) supports allowing plaintiffs to join Mid Delta as a defendant, assuming *arguendo* that *Hensgens* is even relevant in a case which was initially filed in federal court.

It is therefore ordered that plaintiffs' motion to dismiss is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 5th day of November, 2019.

/s/ Michael P. Mills
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI